UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 22-1725 JGB (SHKx) | Date | December 7, 2022 |
| Title | *Ernie Calhoon, et al. v. State Bar of California, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause (IN CHAMBERS)

On September 29, 2022, Plaintiff filed his complaint. ("Complaint," Dkt. No. 1.) On October 3, 2022, the Complaint was flagged for filing deficiencies. (Dkt. No. 6.) Since then, there has been no activity in this case.

Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiff has failed to prosecute the case with reasonable diligence because his case has been dormant for months.

Accordingly, the Court orders Plaintiff to show cause in writing no later than **December 16, 2022**, why this action should not be dismissed for failure to prosecute.

**IT IS SO ORDERED.**